

THE ATTORNEY GENERAL
OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2703
Re: Use of appropriation for one fis-
cal year to purchase supplies for
use in the following fiscal year of a
biennium.

Your letter of August 31, 1940, submits several questions for the
opinion of this department. We quote such letter in full:

"In August of 1939 the Department of Public Safety ordered a supply of drivers'
licenses to be used in the year 1940 and, at the time of the order, charged or
attempted to encumber their 1939 appropriation with the amount of the purchase.
The drivers' licenses were not delivered to the Department of Public Safety un-
til January, 1940. The Department of Public Safety now desires to pay for
these licenses out of the appropriation available for the fiscal year closing
August 31, 1939, claiming that at the time the order was made, they encumbered
that appropriation with the amount of the purchase.

"Is this department authorized to issue warrant in payment of this claim
against the appropriation made for the Department of Public Safety for the
year ending August 31, 1939?

"If not, is this department authorized to issue warrant against a subsequent
appropriation for the payment of these licenses?

"The Department of Public Safety further claims that the balance remaining in
the appropriation for the maintenance of the Drivers' License Division for the
year ending August 31, 1940, is insufficient to pay claims that are not out-
standing against the appropriation for the year 1940, if the department should
be forced to pay the account in question out of the 1940 appropriation.

"If you hold that the account in question should be paid out of the appropria-
tion for the fiscal year ending August 31, 1940, and since there would be in-
sufficient funds to pay this account and other outstanding accounts, then
which of the accounts would maintain priority?"

Drivers' licenses are such supplies as are consumed by their use. Ex-
penditures made in the purchase of such supplies fall under the head of expen-
ditures for current operating expenses, rather than expenditures for fixtures

or permanent operating facilities. Our Opinion O-2380 rules the situation which you present in your letter, so that the cost of the supply of drivers' licenses purchased for use in the year 1940 may not be charged against the appropriation made available for the fiscal year ending August 31, 1939.

The item of expenditure must be charged against the appropriation with reference to which, considering the nature of the item and the purpose for which it is to be used, the department making the expenditure was authorized to contract. Thus, unless at the time that the contract for the purchase of the supply of drivers' licenses for use during the year 1940 was made, the appropriation available for such purposes for the fiscal year ending August 31, 1940 was already fully expended or encumbered, this expenditure must be charged against such appropriation and the warrant accordingly issued.

In reply to your last question, you are advised that the question in reality involved is not one of priority of accounts, but of availability of the appropriation to pay a particular account. When a department of the State government having been provided with an appropriation available for the purchase of certain supplies, purchases such supplies for use during the fiscal year for which the appropriation is provided, such appropriation is expended or encumbered to the extent of the amount involved in such purchase, and, of course, to the extent that the appropriation has been thus encumbered or expended, the authority of the department to contract with reference to the appropriation has been accordingly diminished. When, by successive purchases, the department has fully expended or encumbered the particular item of appropriation, the authority to contract with respect to such appropriation is likewise exhausted, so that accounts incurred or expenditures made after the appropriation has been fully encumbered or expended are not entitled to be paid out of such appropriation, for, at the time such accounts were incurred or expenditures made, the authority of the department head to contract with reference to the appropriation had been exhausted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ R. W. Fairchild

R. W. Fairchild
Assistant

RWF:rw:egw

APPROVED SEP 14, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B.W.B.
Chairman